UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 18-cr-00131 (RDM) |
| JUAN NARANJO HENAO, | **Filed Under Seal** |
| Defendant. | |

DEFENSE CASE STATUS REPORT

COMES NOW DEFENDANT, Juan Naranjo Henao, by and through undersigned counsel, and hereby informs this Court of the current defense position on the status of the above-captioned case.

*History of the Case*

The alleged misconduct in this case reportedly took place in Ecuador, in early 2018. In March of 2018, Mr. Naranjo was arrested in Ecuador, on Ecuadorian charges which were eventually dropped by Ecuadorian prosecutors. A few short weeks after the alleged misconduct and arrest of Mr. Naranjo in early 2018, the indictment in this case issued in May of 2018. More than five years elapsed from the alleged misconduct, Ecuadoran arrest / case dismissal, and Mr. Naranjo's arrest in Colombia in April of 2023.

While pending extradition to the United States, Mr. Naranjo was held for approximately one year at the high-security prison in Bogota under squalid conditions. In 2024, he was extradited to the United States, appeared before this

Court, and on October 21, 2024, undersigned counsel entered his appearance in the case.

Since his appearance, undersigned counsel has consulted with previous defense counsel and government counsel. Discussions with government counsel have addressed the ongoing case status, the Court status hearing date of December 20, 2024, the sealed posture of the case, the status of discovery, and the protective order governing discovery material. In light of these discussions, the defense offers the Court this defense status of the case and highlights key issues.

*Sealed Status of the Case*

The defense submits that there does not exist a valid basis to keep the case sealed. The defense submits that Mr. Naranjo does not have a basis to request that the case remain sealed. Furthermore, there does not appear to be a valid reason for the government to make such a request. Accordingly, Mr. Naranjo respectfully requests that the Court unseal the entire case.

*Tolling of Speedy Trial*

At Mr. Naranjo's last Court hearing, his rights under the *Speedy Trial Act* were tolled through December 20, 2024, the current status hearing date. 18 U.S.C. § 3161. At this time, and as set forth in the topics below, there does not appear to be a valid basis to continue to toll the *speedy-trial-clock*.

*Discovery Release & Remaining Discoverable Material*

The defense recognizes the government release of a large portion of discovery in the case. Mr. Naranjo, pursuant to the Court's protection order, has had time to review the discovery released by the government. This material focuses on events prior to and encompassing his arrest in Ecuador in March of 2018, an indictment in the United States in May of 2018, and a report by government agents from May of 2019.

However, there appears to be a body of evidence as yet not released. Defense counsel has requested of the government material that memorializes efforts by U.S. law enforcement agents to engage with Mr. Naranjo, post-indictment and pre-arrest in Colombia in 2023. The defense does not know the status of this material. Therefore, there seems to be bulk of evidence still in government hands, evidence that is relevant to the case. *See* Fed.R.Crim.P. 5(f). Additionally, there is expected to be a body of evidence related to government cooperating witness(es). This must be identified and released to the defense.

*Status of Codefendant(s)*

The defense has not been advised of the status of any co-defendants and, if there are any co-defendants, whether they would be part of this case.

*Plea Offer*

As of the date of this filing, Mr. Naranjo has not received any offer from the government to resolve his case short of trial. At most, counsel for government have

engaged in general discussions with defense counsel about a possible plea resolution but no specifics have been identified.

*Conclusion of Status Report*

Wherefore, Mr. Naranjo respectfully requests that the Court, at the scheduled status hearing, address the issues discussed above and noted below:

- Review whether case should remain sealed given the defense request to unseal.
- Inquire as to Speedy Trial clock tolling given the status of discovery.
- Inquire and determine the final status of discoverable material:
    - to include the release of material from 2018 through 2019; and,
    - release of material related to government cooperating witnesses.
- Inquire whether the government will tender a plea offer.

*Continuing Defense Request Pursuant to Rule 5(f)*

The defense continues to request government compliance with Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116-182, 134 Stat. 894 (Oct. 21, 2020). Mr. Naranjo asserts the Government's disclosure obligations under *Brady v. Maryland,* 373 U.S. 83 (1963), its progeny, and the possible consequences of violating those obligations.

Respectfully submitted this 18th day of December 2024.

        Respectfully submitted,

        RETURETA  &  WASSEM,  P.L.L.C.

By:_____
        Manuel J. Retureta, Esq.
        District of Columbia Bar #430006
        300 New Jersey Ave., NW, Suite 900
        Washington, D.C.  20001
        202-450-6119
        MJR@RETURETAWASSEM.COM

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via electronic mail on this 18th day of December 2024.

By:_____
Manuel J. Retureta, Esq.