UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Crim. Case No. 18-cr-00131 (RDM) |
| v. | |
| JUAN NARANJO HENAO,<br>              Defendant. | |

## MOTION FOR BILL OF PARTICULARS

COMES NOW Defendant, Juan Naranjo Henao (hereinafter Mr. Naranjo), through undersigned counsel, and with the Court's permission pursuant to Federal Rule of Criminal Procedure 7(f) respectfully files this motion for a bill of particulars.

### *Concise Argument*

The indictment in Mr. Naranjo's case alleges a conspiracy with a limited, if not, uncertain, timeframe of three months. However, government pleadings and argument before the Court have referenced a large conspiracy, spanning time and geography. Therefore, it is clear that the government's intended case against Mr. Naranjo is substantially different than the case it presented to a grand jury in the Spring of 2018. Such a substantial difference between a charging document and case evidence raises the specter that the basis of the indictment was invalid and Mr. Naranjo has suffered irreparable prejudice. Therefore, a bill of particulars is appropriate given the circumstances set forth in this motion.

*Timing of Motion*

The filing date of this motion is in advance of other filing deadlines related to pretrial motions due to the need to resolve charging and evidentiary issues. By minute order issued February 14, 2025, this Court adopted a government proposed schedule that set out expert notice deadlines, Fed. R. Evid. 404(b) notice date, deadlines for pre-trial motions and motions in *limine,* and a motions hearing date. Minute Order, Feb. 14, 2025. Since the date of this order, the defendant and the defense team has reviewed the government discovery. As a result of this review, and in anticipation of the forthcoming motion filing deadlines, the defendant finds it necessary to file this motion.

Given the need to resolve this issue/motion prior to the filing of pretrial motions, the defense respectfully requests that the government respond to this motion 14-days after the filing date, pursuant to the Local Rules, LCrR 47(b) ("Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.").

*Factual Background*

According to the government, the investigation related to this case is the product of an extensive, long-term and ongoing investigation conducted by the Drug Enforcement Administration ("DEA") into the drug trafficking activities of the Cartel de Jalisco Nueva Generacion ("CJNG"). Gov Complex Case motion ECF 17, p.1.

However, the Indictment charged only two defendants for alleged criminal activities during a limited time span of approximately three months.

It is now clear to the defense that the government trial strategy is to present the jury a "cartel-case" with evidence that amounts to one seizure in 2018, three arrests – including Mr. Naranjo, and a dismissal of charges against Mr. Naranjo in Ecuador.  Hence, the need for a bill of particulars.

### *Bill of Particulars*

For the reasons set forth in this motion Mr. Naranjo requests a bill of particulars specifying:

(1) the details of any alleged involvement by Mr. Naranjo in, or acts he allegedly committed in furtherance of, the charged conspiracy date of "January 2018 through March 2018"; and,

(2) all information *regarding any acts* the government will seek to prove were committed in furtherance of, or tainted by, the alleged conspiracy – regardless of any timeframe referenced in this motion, or in the pending indictment; and,

(3) Mr. Naranjo's location when he allegedly entered into the alleged conspiracy, acted in furtherance of the alleged conspiracy, and, if it is the government position, withdrew from the alleged conspiracy; and,

(4) all information regarding the unspecified conspiratorial acts upon which the government intends to rely in its prosecution of Mr. Naranjo; and,

(5) when Mr. Naranjo allegedly entered the charged conspiracy, whether he at any time withdrew from the alleged conspiracy, and when he first and last committed an act in furtherance of the alleged conspiracy; and,

(6) the identities, including any aliases and/or code names, of all unspecified, indicted and/or unindicted individuals that the government alleges or intends to argue were co-conspirators in, or committed acts in furtherance of, the alleged conspiracy.

Mr. Naranjo maintains that the request is necessary to adequately prepare for his defense, consider and/or negotiate a plea agreement, and/or prepare for a trial of this matter. Furthermore, the defense faces unfair surprise as to the nature, timeframe and members of the conspiracy; the conspiratorial agreement reached by the alleged members; how Mr. Naranjo agreed to enter the conspiracy; when he did so; and which acts are allegedly attributable to him.

The government representations of a vast conspiracy only heighten the uncertainty as to what they may attempt to prove. *United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 174 (D.D.C. 2015), citing *United States v. Savoy,* 889 F.Supp.2d 78, 114 (D.D.C. 2012) (internal quotation marks and citations omitted)( A bill of particulars would "properly includes clarification of the indictment, not the government's proof of its case."). The government has been clear that it intends to present a "broad" conspiracy at trial – the limited evidence does not show such a conspiracy. Accordingly, a bill of particulars is necessary.

WHEREFORE, Mr. Naranjo respectfully requests that this Honorable Court grant his motion and order the government to provide a bill of particulars consistent with the requests set forth above.

4

*Continuing Defense Request Pursuant to Rule 5(f)*

The defense continues to request government compliance with Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116-182, 134 Stat. 894 (Oct. 21, 2020). Mr. Naranjo highlights the Government's disclosure obligations under *Brady v. Maryland,* 373 U.S. 83 (1963), its progeny, and the possible consequences of violating those obligations.

Filed this 2nd day of July 2025.

Respectfully submitted,

RETURETA & WASSEM, P.L.L.C.

By:_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
300 New Jersey Ave., NW, Suite 300
Washington, D.C. 20001
202-450-6119
MJR@RETURETAWASSEM.COM

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via electronic mail on this 2nd day of July 2025.

By:_____
Manuel J. Retureta, Esq.