UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN GUILLERMO NARANJO-HENAO,<br>also known as "Diego,"<br><br>                    Defendant. | CRIMINAL NO.: 18-CR-131 (RDM) |

### GOVERNMENT'S RESPONSE IN OPPOSITION
### TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

The United States of America, by and through the undersigned counsel, responds in opposition to Defendant Juan Guillermo Naranjo-Henao's Motion for a Bill of Particulars, ECF No. 21. The Indictment is sufficiently specific, and, to the extent Defendant is entitled to further information, the Government has already provided that information in other forms. Therefore, the Court should deny Defendant's motion.

### BACKGROUND

On May 3, 2018, a federal grand jury sitting in the District of Columbia returned an indictment ("Indictment") against Defendant, charging him with conspiracy to distribute five kilograms or more of cocaine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that the cocaine would be unlawfully imported into the United States, and aiding and abetting that offense, in violation of 21 U.S.C. §§ 959(a), 960(a)(3), 960(b)(1)(B)(ii), and 963, and 18 U.S.C. § 2. The charged conspiracy began in or around January 2018 and continued up to in or around March 30, 2018.

This case "involves an international narcotics conspiracy spanning Colombia, Ecuador, Mexico, and the United States." Gov't Complex Case Mot., ECF No. 17, at 6. At trial, the

1

Government intends to prove that Defendant was a large-scale cocaine trafficker responsible for trafficking cocaine into Mexico from other Latin American countries, for ultimate importation into the United States. *Id.* at 1-2. Defendant was a Colombian national with significant connections to Colombian cocaine suppliers. *Id.* at 6. He met and negotiated with Mexican cocaine buyers in Ecuador for months to arrange a 600-kilogram cocaine shipment from Colombia to Mexico through Ecuador, knowing the cocaine was destined for the United States. *Id.*

To date, the Government has provided Defendant with substantial discovery that supports its case. With each tranche of discovery, the Government also provided a letter to guide Defendant's review of the evidence against him, categorizing the various Bates ranges with brief descriptions of their subject matter, from photographs and reports to draft translations and transcriptions.

For instance, the Government has produced multiple audio and video recordings involving Defendant, multiple transcripts of those recordings, multiple law enforcement reports about the investigation, numerous electronic communications involving Defendant, evidence obtained from the Ecuadorian authorities about their investigation into Defendant, including the identities of his coconspirators, their locations, time and manner of their drug trafficking operations, and the seizure of cocaine that led to the arrest of Defendant and his coconspirators in Ecuador. Notably, the Government has also disclosed notes of voluntary statements Defendant made to U.S. authorities in May 2019—after receiving notice about his pending indictment in the United States, receiving both verbal and written notice about his *Miranda* rights in Spanish, and waving those rights in a signed Spanish notice-of-rights waiver form. In his voluntary statements, Defendant provided details about his coconspirators and their collective acts in furtherance of the conspiracy.

In addition to these Rule 16 disclosures, the Government's complex case motion filed on

January 17, 2025, has provided significant information to the defense regarding the facts underlying the charged conspiracy, including Defendant's role and the nature and scope of the charge against him. *See* Gov't Complex Case Mot., ECF No. 17.

Defendant now moves for a bill of particulars about ten months after his extradition and three months before his trial, arguing that the Indictment does not provide sufficient notice of the charge against him. The Court should deny that request.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 7 ("Rule 7") provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). Under Rule 7, "[t]he court *may* direct the government to file a bill of particulars." *Id.* at 7(f) (emphasis added). "A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). A bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (quoting *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999)); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) ("It is not the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial.") (quoting *Overton v. United States*, 403 F.2d 444, 446 (5th Cir. 1968)); *United States v. Gibson*, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001) ("A bill of particulars is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial."). "[I]f the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of

particulars is not required." *Butler*, 822 F.2d at 1193.

For an indictment to be sufficiently specific, it must set forth the elements of the offense and adequately inform the accused of the specific offense with which he is charged to shield him from future jeopardy. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007); *see also United States v. Gray*, 723 F. Supp. 2d 82, 83-84 (D.D.C. 2010) (holding an indictment constitutionally sufficient if it meets two criteria: one, "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," and two, "enables [the defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense" (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). In a narcotics conspiracy, committing an overt act in furtherance of the conspiracy is not an element of the offense and therefore need not be specified in the Indictment. *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006); *see also* 21 U.S.C. § 963.

## ARGUMENT

### I. The Indictment Is Sufficiently Specific.

In his motion, Defendant claims the Indictment is "substantially different than" the case "presented to the grand jury," thereby making a bill of particulars "appropriate" in this case. Def. Mot. at 1, 2, ECF No. 21. To remedy the alleged deficiency, Defendant then requests six categories of information, as follows. *Id.* at 3.

In Requests 1 through 3 and 5, Defendant seeks specific information about his involvement in the charged conspiracy, including details of his acts in furtherance of the conspiracy, and the timing and location of his involvement. *Id*. In Requests 4 and 6, Defendant seeks details of "unspecified conspiratorial acts" and the identities of his coconspirators. *Id.* at 3, 4.

Defendant is not entitled to a bill of particulars that contains this information because the

4

Indictment against him is sufficiently specific. The Indictment contains a plain and concise statement of:

- *who* was involved in the conspiracy: Defendant, and "others known and unknown to the Grand Jury";
- *when* the conspiracy occurred: "Beginning in or around January 2018 and continuing thereafter, up to in or around March 30, 2018";
- *where* the conspiracy reached: "in the country of Ecuador and elsewhere";
- *what* the conspiracy was intended to accomplish: to "knowingly, intentionally, and willfully . . . distribute five (5) kilograms or more of" cocaine, a Schedule II controlled substance, "intending, knowing, and having reasonable cause to believe" that the cocaine "would be unlawfully imported into the United States from a place outside thereof," in violation of 21 U.S.C. §§ 959(a), 960(b)(1)(B)(ii), and 963, and 18 U.S.C. § 2.

The Indictment thus "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend"—which is all the law requires. *Resendiz-Ponce*, 549 U.S. at 108; *Mejia*, 448 F.3d at 445 (noting that an indictment need not set forth any overt acts for a § 963 violation); 21 U.S.C. §§ 959, 960, 963. The Government was not required to provide any of the additional information Defendant seeks in its Indictment.

    **a. Requests 1 through 3, 5: Scope of Defendant's Conspiratorial Involvement and Overt Acts**

Requests 1 through 3 and 5 seek information about details of Defendant's involvement in the conspiracy, including the timing and location of his involvement and his overt acts as part of the alleged conspiracy.[1] Defendant is not entitled to this information through a bill of particulars.

---

[1] Specifically, Request 1 seeks "details of any alleged involvement by Mr. Naranjo in, or acts he

5

The Indictment contains the general timeframe and location of the conspiracy. The law requires nothing more. The Indictment does not need to provide "specific information about the times and places that [Defendant] participated in the alleged conspiracy." *Butler*, 822 F.2d at 1194; *see also United States v. Sutton*, No. CR 21-0598 (PLF), 2022 WL 1183797, at *7 (D.D.C. Apr. 21, 2022) ("The D.C. Circuit does not require any more specificity about the time and place of a conspiracy or when defendants entered and exited an alleged conspiracy to be set out in an indictment."); *Brodie*, 326 F. Supp. 2d at 91 ("Nor is the government required to prove how or when the conspiracy was formed, the details of any meeting or when the defendant joined the conspiracy."). Nor does it need to specify *any* overt acts, because committing an overt act in furtherance of the conspiracy is not an element of the charged conspiracy under 21 U.S.C. § 963. *See United States v. Martinez*, 764 F. Supp. 2d 166, 174 (D.D.C. 2011); *United States v. Bourdet*, 477 F. Supp. 2d 164, 184 (D.D.C. 2007); *Mejia*, 448 F.3d at 445. Accordingly, Defendant is not entitled to any of the information he seeks in Requests 1 through 3 and 5.[2]

### b. Requests 4 and 6: Conspiratorial Acts and Identities of Co-Conspirators

In Requests 4 and 6, Defendant requests information about "the unspecified conspiratorial acts" the Government intends to rely on and "the identities, including any aliases and/or code names, of all unspecified, indicted and/or unindicted individuals that the government alleges or

---

allegedly committed in furtherance of, the charged conspiracy date of 'January 2018 through March 2018'"; Request 2 seeks "all information *regarding any acts* the government will seek to prove were committed in furtherance of, or tainted by, the alleged conspiracy—regardless of any timeframe referenced in this motion"; Request 3 seeks "Mr. Naranjo's location when he allegedly entered into the alleged conspiracy, acted in furtherance of the alleged conspiracy, and, if it is the government position, withdrew from the alleged conspiracy"; and Request 5 seeks "when Mr. Naranjo allegedly entered the charged conspiracy, whether he at any time withdrew from the alleged conspiracy, and when he first and last committed an act in furtherance of the alleged conspiracy." Def. Mot. at 3.

[2] A bill of particulars would only provide the very information that Defendant already has: The time frame of the conspiracy that the Government will seek to prove at trial is the time frame of the conspiracy alleged in the Indictment.

intends to argue were co-conspirators in, or committed acts in furtherance of, the alleged conspiracy." Def. Mot. at 3, 4.

The Government, however, "need not spell out which co-conspirator committed which conspiratorial act." *Martinez*, 764 F. Supp. 2d at 173, 174. Moreover, to the extent the Government intends to introduce evidence of other unnamed co-conspirators at trial, the Government was not required to disclose their identities in its Indictment—although Defendant named many of his coconspirators in his own voluntary statements, which were disclosed to him in 2024. *See, e.g.*, *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 317 (D.D.C. 2012) (holding that the government was "not required to disclose the identities of all members of the conspiracy"); *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) ("[T]he Government is not required to furnish the name of all other co-conspirators in a bill of particulars."); *United States v. Aparo*, 221 F. Supp. 2d 359, 368 (E.D.N.Y. 2002) ("A bill of particulars is not intended to provide the defendant with the names of unindicted co-conspirators."). That is especially true where, as here, premature disclosure of the identities of unnamed co-conspirators could endanger the safety of Government's witnesses or their families. *See United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 176 (D.D.C. 2015) ("When there is a 'legitimate basis for concern about the safety' of coconspirators, and disclosure of their identities could seriously impede the government's investigation, a court should decline a motion for a bill of particulars requesting that their identities be disclosed.") (quoting *United States v. Santiago*, 174 F. Supp. 2d 16, 36 (S.D.N.Y. 2001)).

### c.  Discovery Request

In his motion, Defendant also requests "government compliance with Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act." Def. Mot. at 5. To the extent Defendant intends to seek discovery through a bill of particulars, the law is clear that a bill of

7

particulars is not an appropriate vehicle for compelling or ensuring the Government's compliance with its discovery obligations. *Brodie*, 326 F. Supp. 2d at 91 ("[A] bill of particulars is not a discovery tool."). As stated in Government's discovery letters to Defendant, the Government is aware of, has complied with—and will continue to comply with—its discovery obligations under *Brady v. Maryland* and its progeny. Should the Government identify information favorable to Defendant, it will expeditiously disclose the materials to Defendant.

## II.   The Government Has Already Provided Defendant Substantial Information.

Even if the Government were required to provide additional information in its Indictment to provide sufficient notice of the charges against Defendant—Which it is not—a bill of particulars would still not be warranted because the Government has provided Defendant with a wealth of additional details about the nature and scope of the charge against him. *See Butler*, 822 F.2d at 1193 ("[I]f the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required."). The Government has provided substantial discovery in this case, detailed the categories of information that were included in that discovery, and filed a complex-case designation motion, which collectively and sufficiently detail the contours of the underlying conspiracy and charge against Defendant.

For this reason, too, Defendant is not entitled to a bill of particulars. *See, e.g.*, *United States v. Mack*, 53 F. Supp. 3d 179, 190-91 (D.D.C. 2014) (denying motion for bill of particulars after finding that the indictment, the Government's reply motion, and the discovery provided sufficiently detailed the allegations against the defendant); *Martinez*, 764 F. Supp. 2d at 174 (denying motion for bill of particulars because the government provided "ample discovery"); *Gray*, 723 F. Supp. 2d at 86 (denying motion for bill of particulars because "information sought by defendant [was] available to him through the full discovery provided by the government");

*United States v. Edelin*, 128 F. Supp. 2d 23, 37 (D.D.C. 2001) ("The voluminous discovery already provided to the defendants in this case more than compensates for the lack of a bill of particulars.").

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion for a Bill of Particulars.

Dated:  July 16, 2025

MARLON COBAR, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice

By:  */s/ Lernik Begian*
Lernik Begian
Gwendalyn Stamper
Trial Attorneys
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
145 N. Street NE
Washington, D.C. 20530
(202) 616-2379
Lernik.Begian@usdoj.gov

**Certificate of Service**

I hereby certify that a copy of the foregoing was sent via ECF to counsel of record, this 16th day of July 2025.

                                                          By: */s/ Lernik Begian*
                                                            Lernik Begian
                                                            Trial Attorney
                                                            Narcotic and Dangerous Drug Section
                                                            Criminal Division
                                                            U.S. Department of Justice