UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN NARANJO HENAO,<br>　　　　　　　Defendant. | Crim. Case No. 18-cr-00131 (RDM) |

MOTION TO DISCLOSE IDENTITY OF CO-DEFENDANT

COMES NOW Defendant, Juan Naranjo Henao (hereinafter Mr. Naranjo), through undersigned counsel, and requests the Court to order the government to disclose the co-defendant named in the case indictment.

*Background*

The indictment in Mr. Naranjo's case alleges a conspiracy with a timeframe of three months, January 2018 to March 30, 2018. However, as Mr. Naranjo has advised the Court, government pleadings and argument before the Court have referenced a large conspiracy, spanning time and geography. It is clear that the government's intended case against Mr. Naranjo is substantially different than the case it presented to a grand jury in the Spring of 2018.

While government pleadings and argument have referred to a large-scale conspiracy, one aspect of the alleged conspiracy has remained sealed – the alleged codefendant.

The bill of particulars previously filed by Mr. Naranjo (ECF 21) specifically

requested:

> …the identities, including any aliases and/or code names, of all unspecified, indicted and/or unindicted individuals that the government alleges or intends to argue were co-conspirators in, or committed acts in furtherance of, the alleged conspiracy.

ECF 21, Defense Motion for Bill of Particulars, July 2, 2025. As of this eve-of-trial date, the government has not identified this co-defendant.

WHEREFORE, as Mr. Naranjo stands on the eve of trial, he respectfully requests that this Honorable Court grant his motion and order the government to reveal the alleged co-defendant named in the indictment. [1]

*Continuing Defense Request Pursuant to Rule 5(f)*

The defense continues to request government compliance with Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116-182, 134 Stat. 894 (Oct. 21, 2020). Mr. Naranjo highlights the Government's disclosure obligations under *Brady v. Maryland,* 373 U.S. 83 (1963), its progeny, and the possible consequences of violating those obligations.

Filed this 11th day of August 2025.

---

[1] It has come to the attention of both the defense and government counsel that the indictment issued in May of 2018 is not reflected in the Court's ECF database. Hence, this motion references the May 2018 indictment, however, cannot identify the ECF identification number for the document. The parties conferred on this matter and will be contacting the Clerk of the Court to address the absence of the indictment.

Respectfully submitted,

RETURETA & WASSEM, P.L.L.C.

By:_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
300 New Jersey Ave., NW, Suite 300
Washington, D.C. 20001
202-450-6119
MJR@RETURETAWASSEM.COM

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via electronic mail on this 11th day of August 2025.

By:_____
Manuel J. Retureta, Esq.