UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN GUILLERMO NARANJO-HENAO,<br>  also known as "Diego,"<br><br>Defendant. | CRIMINAL NO.: 18-CR-131 (RDM) |

**REPLY MEMORANDUM IN SUPPORT OF
THE GOVERNMENT'S MOTIONS IN LIMINE**

The Government respectfully submits this reply memorandum in support of its motions in limine. *See* ECF No. 32 (Government's motion); ECF No. 36 (Defendant's opposition). The Government's second, fourth and fifth motions in limine (concerning the admission of English transcripts, Ecuadorian charging decisions, and the defense of entrapment, respectively) appear to be uncontested. As to the third motion (regarding events and evidence before January 2018 and after March 2018), the Government rests on the arguments that it has already set forth in its original memorandum of law. *See* ECF No. 32-1 at 18-21. Therefore, this reply memorandum addresses only the Government's first and sixth motions in limine (concerning the admissibility of recordings and defense exhibits, respectively).

**I.   THE DEFENSE DOES NOT DISPUTE THE GOVERNMENT'S ARGUMENT IN SUPPORT OF ADMISSION OF THE RECORDINGS**

The defense does not meaningfully dispute any of the legal arguments that the Government advanced in support of admission of the 2018 recordings. In particular, the defense does not dispute that Special Agent Novick's expected testimony would authenticate the recordings in accordance with at least three of the "example" methods of authentication listed under Federal

Rule of Evidence 901(b).  And the defense does not dispute that the recordings are admissible non-hearsay.  *See* ECF No. 32-1 at 15-16.

The defense does suggest that the Government must "prove that 'as a matter of reasonable probability, possibilities of misidentification and adulteration have been eliminated.'"  ECF No. 36 at 3 (quoting *United States v. Celis*, 608 F.3d. 818, 842 (D.C. Cir. 2010), citing *United States v. White*, 116 F.3d 903, 920-21 (D.C. Cir. 1997)).  That is correct, but to prove something "as a matter of reasonable probability" is not a high burden.  As the very case that the defense cites makes clear, it is just another way of saying what is already set forth in Federal Rule of Evidence 901(a): "'The requirement of authentication . . . is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.'"  *Celis*, 608 F.3d at 842 (quoting Fed. R. Evid. 901(a)).  Special Agent Novick's testimony will support such a finding.  In other words, to satisfy Federal Rule Evidence 901, the Government must only "offer a foundation from which the jury could reasonably find that the evidence is what the proponent says it is" and that burden "is slight[.]"  *United States v. Hassanshahi*, 195 F. Supp. 3d 35, 48 (D.D.C. 2016) (quotation marks omitted).  Once that burden is satisfied, the ultimate issue of whether the recordings are what the Government claims them to be is "for the jury" to determine.  *Id*.

II.   **THE DEFENSE MUST PROVIDE AN EXHIBIT LIST AND RECIPROCAL DISCOVERY**

It is unclear whether and to what extent the defense contests the Government's motion for Rule 16(b) discovery.  *See* ECF No. 36-1 at 26-27.  The defense does not dispute that, as a legal matter, "'Rule 16 requires [d]efendants to identify all non-impeachment exhibits they intend to use in their defense at trial.'"  ECF No. 32-1 (quoting *United States v. Napout*, No. 15-CR-252 (PKC), 2017 WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017)).  Instead, the defense represents that it will provide "defense evidence when it comes available" and will "[o]therwise" rely on "material

2

already provided by the Government." ECF No. 36 at 6.

First, despite repeated requests for reciprocal discovery, the defense has produced nothing. If the defense has evidence in its custody or control that it may introduce at trial (and which is not solely impeachment evidence), it must produce it. If the defense is representing that it has no evidence in its custody or control beyond the evidence produced by the Government, then the Government's motion is, to that extent, uncontested and moot.

Second, it is unclear whether the defendant intends to produce an exhibit list. (Pursuant to the scheduling order, the parties' exhibit lists are due the day this reply is being filed). If the defendant does intend to produce an exhibit list, then the Government's motion may be entirely uncontested. By contrast, if the defense intends to rely only on its representation that it may introduce "material already provided by the Government" (ECF No. 36 at 6) without identifying which specific materials, the Court should order the defense to identify which specific "material" it may introduce. As the Court held in *United States v. Hsia*, No. CRM-98-0057 (PLF), 2000 WL 195067 (D.D.C. Jan. 21, 2000), "[t]he fact that the government already is in possession of the documents does not eliminate defendant's duty to disclose them." *Id.* at *1. Instead, a defendant "must identify the specific documents upon which [he] may rely at trial." *Id.* Put differently, the defense must produce an exhibit list in advance of trial, just as the Government must. *Id.*

Respectfully Submitted,

Sophia Suarez, Acting Chief
Narcotic and Dangerous Drug Section
Criminal Division
U. S. Department of Justice

By:     */s/ D. Hunter Smith*
Lernik Begian
D. Hunter Smith
James Hepburn
Trial Attorneys
Criminal Division
U.S. Department of Justice
1400 New York Ave N.W.
Washington, D.C. 20530
202-540-0917

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was sent via the CM/ECF system, to counsel of record for the defendant, this 8th day of September, 2025.

                                        */s/D. Hunter Smith*
                                        D. Hunter Smith
                                        Trial Attorney
                                        Narcotic and Dangerous Drug Section
                                        Criminal Division
                                        U.S. Department of Justice